Opinion by Watts, Commissioner, adopted.

---

## A. BECK el al. vs. S. TARRANT.

### IN THE SUPREME COURT OF TEXAS, AUSTIN TERM, 1884.

*Practice—Foreclosure of Vendor's Lien.*—Where the makers of a note secured by vendor's lien have been sued within the period of limitation, and a personal judgment recovered against them, and subsequently after limitation would have barred a recovery upon the note, but not upon the judgment, a proceeding has been commenced to revive the latter and enforce the vendor's lien as against a purchaser from the original vendees of the land for which the note was given, it has been held that the judgment kept the debt alive, and preserved the vendor's lien, and so long as it was subsisting and valid as a personal claim against the makers of the note, it existed also, as a foundation for proceeding against a purchaser from them, to foreclose the vendor's lien. Note facts of a case to which the rule applies.

*Same—Limitation.*—The statute of limitations begins to run between co-sureties at the time the debt is paid, irrespective of the time when the obligation was entered into, or become due. See the opinion for rule stated.

*Same—Liabilities of Co-Sureties.*—Where the equities between co-sureties are equal, and one has redeemed a mortgage pending on the whole property, he is entitled to a *pro rata* contribution from the other owners, and may keep the lien alive by equitable assignment as security for such contribution.

Appeal from Collin county.

*Jenkins & Pearson*, for appellant.

*Throckmorton & Brown*, for appellee.

## STATEMENT OF THE CASE.

The 160 acres of land is in Collin county. Calvin and Thos. Stacy, after their purchase and prior to the sale made to Appellee by Calvin, divided the 160 acres by a line running east and west, Calvin taking north half and Thomas south half. The note for $340 executed to Hart by Loggins held a vendor's lien on the whole. Calvin sold to Appellee said north half. J. A. Askey brought suit in District Court of Collin county on said note to foreclose the vendor's lien, April 3d, 1879. Judgment rendered in said suit foreclosing said lien January 4th, 1883. Order of sale issued and land advertised to be sold April 3d, 1883, and on said day Appellee, in order to keep the north half, his own property from selling under said order, paid the full amount of the judgment, and May 22d, 1883, brought this suit against appellants, E. J. Beck and her husband and minor, the wife and minor not having been made parties Defendants by Askey, praying to be subrogated to Askey's lien under his judgment and the south half of said land be subjected to the payment of one-half of said judgment. And on the 28th day of January, 1884, judgment was rendered as prayed for.

One of the principal points raised in this case has been already decided in the case of Slaughter vs. Owens. (2 Texas Law Review, p. 285.) In that case the makers of a note secured by a vendor's lien had been sued within the period of limitation, and a personal judgment had been obtained against them. Subsequently, and after limitation would have barred a recovery upon the note, but not upon the judgment, a proceeding was commenced to revive the latter and enforce the vendor's lien as against a purchaser from the original vendees of the land for which the note was given. It was held that the judgment kept the debt alive and preserved the vendor's lien, and so long as it was subsisting and valid as a personal claim against the defendants therein, it existed also as a foundation for proceeding against a purchaser from them to foreclose the vendor's lien.

The debt secured by the vendor's lien was therefore a subsisting one at the time the lien was lifted from the land of appellants by the payment of the judgment as well as at the date of the commencement of this suit.

This view dispenses with a consideration of the proposition taken

by appellants, that their land occupied the place of a surety for the payment of the Loggin's debt, and when that debt was four years old it could not be enforced against the land. But, if this be true, Tarrant's land was a co-surety for the payment of the same debt; and this having been satisfied while the lien subsisted, limitation ran in favor of appellants from the date of the payment of the judgment, and not of the execution of the note.

"The statute of limitations begins to run between co-sureties at the time the debt is paid, irrespective of the time when the obligation was entered into or became due." (Brandt on Suretyship, sec. 259.)

The same author also announces the rule of law to be that "when suit is commenced against one of the two co-sureties, before the debt is barred and judgment is recovered against him, and the debt is paid by him after the time when the statute would have been a bar, if no suit had been previously brought, and after the debt is barred against the co-surety, the statute begins to run between the sureties from the time of payment, and the surety who pays may recover contribution from his co-surety at any time after such payment and within the statutory limitation." (Ib.)

It is not absolutely necessary for the affirmance of this case that we should go this far; but, under the theory of counsel, for appellants, that their lands and that of Tarrant's were co-sureties for Loggin's debt, it would establish that the claim of appellee for contribution was not barred by limitation.

The statute of limitations not barring the claim, there can be no doubt of the right of Tarrant to the relief asked by him and granted below.

The case presented is that of a common charge resting upon land belonging one-half to Tarrant and the other to appellees. These owners "stand upon an equality with respect to their individual titles and relations with the holder of the charge." The maker of the note (Loggins) conveyed to Stacy, under whom appellant's claim, and to Calvin, under whom the appellee deraign title in equal shares, at the same time and in the same deed. As between the owners of the land at the time judgment was paid, and Loggins, who stood in the position of an original mortgagor, neither had a right to demand that the others portion should be first subjected to the mortgage debt. The equities between themselves being equal, and one hav-

ing redeemed, he is entitled to a pro rata contribution from the other owners, and may keep the lien alive by equitable assignment as security for such contribution. (For the above doctrines, see 3 Pow. on Equity, sec. 1222.)·

This doctrine," says the above writer, "is a simple application of the maxim 'Equality is equity" and "the doctrine of contribution," among such parties, and of "equitable assignment to secure such contribution are the efficient means by which equity completely and most beautifully works out perfect justice and equality of burden under these circumstances." (Ib: and sec. 1221.)

There is no other assigned error demanding consideration, and the judgment is affirmed.

Opinion of the Court delivered by Willie, Chief Justice.